IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED EUGENE MEANS, III | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT STEVEN GLUNT, et al. | : | NO. 13-3902 |

<u>ORDER</u>

AND NOW, this 22nd day of July, 2014, upon consideration of petitioner Alfred Eugene Means, III's <u>pro se</u> petition for writ of <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254, filed on July 3, 2012 (docket entry # 1), our August 30, 2013 Order referring this matter to the Honorable Carol Sandra Moore Wells for a report and recommendation (docket entry # 2), the defendants' response to the petition (docket entry # 12), Judge Wells's May 13, 2014 report and recommendation ("R&R") (docket entry # 13), and Means's timely objections thereto (docket entry # 16), and the Court finding that:

(a) After a trial in the Philadelphia Court of Common Pleas on October 9, 1997, Means was convicted of first-degree murder, two counts of robbery, two counts of criminal conspiracy, two counts of possessing instruments of crime, and three counts of aggravated assault, <u>see</u> <u>Commonwealth v. Means</u>, No. 3648 EDA 2002, slip op. at 1 (Pa. Super. Ct. Op. Feb. 13, 2004);

(b) On February 13, 2004, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence, and the Pennsylvania Supreme Court denied a petition for allowance of appeal on May 28, 2004, <u>see</u> Resp. at 2;

(c) The ninety-day period to seek <u>certiorari</u> in the United States Supreme Court thus ended on August 26, 2004;

(d) On August 22, 2005, Means filed a pro se petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46, and court-appointed counsel subsequently filed a "no-merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), asking for permission to withdraw, see Resp. at 2;

(e) On October 6, 2006, the PCRA court issued a notice of intent to dismiss pursuant to Pa. R. Crim. P. 907, and on October 26, 2006, the PCRA court dismissed the petition as lacking in merit, id.;

(f) On May 12, 2011, Means filed a second pro se PCRA petition, and on September 20, 2011, the PCRA court dismissed it as untimely, a decision the Pennsylvania Superior Court affirmed on June 26, 2011, id. at 2-3;

(g) On July 1, 2013, Means filed the § 2254 petition we consider here;

(h) Means's petition raises four claims for relief: (1) a layered claim of ineffectiveness, whereby Means argues that his trial counsel was ineffective for admitting Means's guilt during his opening statement, appellate counsel was ineffective for failing to allege trial counsel's ineffectiveness regarding his admission of guilt, and PCRA counsel was ineffective for failing to allege trial counsel's ineffectiveness on the same basis; (2) a claim that the DNA tests taken after his conviction prove that the decedent's DNA was not found on Means's clothes, boots, or money, nor was decedent's DNA found on the gun; (3) a claim that Means was coerced into providing an incriminating statement in violation of his 5th and 14th Amendment rights; and (4) a claim that there was insufficient evidence to sustain his murder conviction;

(i) Judge Wells found that Means's claims should be dismissed as untimely, R&R at 4;

(j) The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for filing <u>habeas</u> petitions, <u>see</u> 28 U.S.C. § 2254(d)(1), which begins at the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l)(A)-(D);

(k) (B) - (D) are not relevant to Means's claims, and so we consider whether he filed his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

(l) Judge Wells found that Means's conviction became final on August 26, 2004, the date on which his ability to seek <u>certiorari</u> in the United States Supreme Court expired, <u>see</u> R&R at 5 (citing <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000));

(m) Means's last day to file a petition pursuant to § 2254 would thus have been August 26, 2005, one year from the date the judgment became final;

(n) However, AEDPA also contains a provision for statutory tolling, pursuant to which "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period, 28 U.S.C. § 2244(d)(2);

   (o) Judge Wells noted that Means filed his first PCRA petition on August 22, 2005, four days before the one year limitations period would have elapsed;

   (p) That petition was properly filed and was reviewed and dismissed by the PCRA court on October 26, 2006, see Commonwealth v. Means, No. 0091 2/2 (Pa. Com. Pl. Oct. 26, 2006);

   (q) He then had thirty days to appeal the petition, followed by the four remaining days in the AEDPA statute of limitations year, and his one-year window thus ended in late November or early December of 2006;[1]

   (r) Means's petition is therefore untimely unless saved by equitable tolling, see Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) ("[T]he AEDPA statute of limitations is subject to the doctrine of equitable tolling . . . when the principle of equity would make the rigid application of a limitation period unfair");

   (s) As Judge Wells explained, in order to be eligible for equitable tolling, a petitioner must show that (1) he was diligent in pursuing his rights, and (2) extraordinary circumstances prevented him from timely filing, see R&R at 6 (citing Holland v. Florida, 560 U.S. 631 (2010));

---

[1] Judge Wells identifies the last day of the one-year limitations period as November 29, 2006, R&R at 6, presumably a result of adding the thirty days for appeal to the four days remaining in the tolled limitations period. But the thirty day window for appeal ended on November 25, 2006, a Saturday, and so it appears that Means had until Monday, November 27, 2006 to file an appeal. See Pa. R. App. P. 903(a); 1 Pa. Cons. Stat. Ann. § 1908. The limitations

   (t) Judge Wells found that Means was ineligible for equitable tolling, and we agree -- according to Judge Wells, Means did not show "that he was reasonably diligent in pursuing his claims", and "[h]e has not advanced any valid reason for the more than six (6) year delay" other than "bald assertions of government interference", R&R at 6 (citing Petition at 8-12);

   (u) Means submitted objections, and we are to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" petitioner objects, see 28 U.S.C. § 636;

   (v) Means argues that "[t]he issue of 'timeliness' in the filing of his habeas petition has never been the point of argument", Pet. Obj. at 2, and that instead the point of contention is "**'why,'** said claims are untimely", id. (emphasis in original);

   (w) Though the timeliness of the petition is in fact essential to our consideration under the AEDPA scheme, the doctrine of equitable tolling does counsel us to consider why an untimely petition was not filed within the one-year limitations period;

   (x) According to Means, the "crux" of his argument for equitable tolling is that "'governmental interference' by the PCRA court[] denied him his right to **'exhaust'** his claims of constitutional violations, subsequently triggering a 'delay' in the filing of habeas petition", id. at 3 (emphasis in original);

   (y) Means argues that on October 6, 2006, the PCRA court issued a notice of intent to dismiss pursuant to Pa. R. Crim. P. 907, and that in light of this notice he had twenty days to respond, see Pet. Obj. at 3; see also Pa. R. Crim. P. 907;

---

period would thus have ended on December 1, 2006. In either case, Means did not file this petition until 2013, well after that period had lapsed.

    (z) Means says that he submitted objections on October 24, 2006, two days before this period expired, but the court issued an order denying his petition on October 26, 2006, before it received the timely-filed objections[2], Pet. Obj. at 3;

    (aa) According to Means, the court's failure to consider his objections was an error that interfered with his ability to file a petition pursuant to 28 U.S.C. § 2254, and so we should apply the doctrine of equitable tolling to excuse the petition's lack of timeliness over the next several years, see Pet. Obj. at 4-5;

    (bb) We agree with Judge Wells that any error by the PCRA court in 2006 does not constitute "extraordinary circumstances" justifying the seven-year delay in Means's filing;

    (cc) Means also argues that he is entitled to equitable tolling because he has diligently pursued his rights;

    (dd) He direct the Court to "a 'timeline' outlining over thirty (30) separate instances in which he attempted to gain relief" that he submitted to Judge Wells;

    (ee) That timeline, attached to a January 9, 2014 Memorandum of Law, shows that there were several years-long periods between 2006 and the time of filing during which Means did nothing to pursue his rights -- for example, from October 31, 2007 through June 11, 2009, the petitioner did not file anything, see Pet. Mem. of Law at 31-32,[3] nor did he submit anything from August 17, 2009 until May 19, 2011, see id. at 32;

---

[2] Because Means was in prison at the time he filed his objections, he was entitled to the grace of the prisoner mailbox rule. See Commonwealth v. Little, 716 A.2d 1287, 1289 (Pa. Super. Ct. 1998).

[3] The page numbers are the numbers on ECF. The memorandum of law contains several separate documents each with their own internal pagination -- the ECF number reflects the order of the pages within the memorandum as a whole.

    (ff) Moreover, the entire timeline ends on December 5, 2011, over a year before Means submitted the instant petition;

    (gg) This account is insufficient to demonstrate that Means has been diligent in pursuing his rights, and, as such, equitable tolling is unwarranted;

    (hh) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

    (ii) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), and because the claims here were dismissed on procedural grounds, Means bears the additional burden of showing that reasonable jurists would also debate whether the procedural ruling was correct, <u>id.</u>; and

    (jj) We do not believe that reasonable jurists could debate the conclusion that Means's petition was not timely filed, and so we decline to issue a certificate of appealability;

    It is hereby ORDERED that:

    1. Petitioner's objections (docket entry # 16) are OVERRULED;

    2. Judge Wells's May 13, 2014 report and recommendation (docket entry # 13) is APPROVED and ADOPTED;

    3. For the reasons stated in (jj) above, we DECLINE to issue a certificate of appealability; and

4.	The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

<u>/s/ Stewart Dalzell, J.</u>